# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VISTEON CORPORATION, et al. | ) | Case No. 09-11786 (CSS) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |
| VISTEON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-52073 (CSS) |
| | ) | |
| GOVERNOR BUSINESS SOLUTIONS INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION[1]

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones
James E. O'Neill
919 N. Market Street, 17th Floor
Wilmington, DE 19899

　　-and-

DICKINSON WRIGHT PLLC
Michael C. Hammer
Dawn R. Copley
301 E. Liberty, Suite 500
Ann Arbor, MI 48104

Counsel for the Reorganized Debtors

THOMAS J. BUDZYNSKI PC
Thomas J. Budzynski
43777 N. Groesbeck Hwy.
Clinton Twp., MI 48036

Counsel for the Defendant

Dated: October 21, 2011
Sontchi, J. _____

---

[1] "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 . . . ." Fed. R. Bankr. P. 7052(a)(3). Accordingly, the Court herein makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

INTRODUCTION

Before the Court is a motion filed by defendant Governor Business Solutions, Inc. ("GBSI") to dismiss an avoidance action for improper venue or, in the alternative, to transfer venue of the action to the Eastern District of Michigan. The Court will deny the motion to dismiss because section 1409 of Title 28 expressly allows a debtor to file an avoidance action in the district in which its bankruptcy case is pending. In addition, applying the 12 factor test established by the Third Circuit, the Court will deny the motion to transfer venue.

BACKGROUND[2]

In 2009, Visteon and its affiliates filed bankruptcy under Chapter 11. In May 2011, Visteon filed a complaint against GBSI, seeking to avoid and recover certain transfers as preferences under section 547 of the Bankruptcy Code. Visteon also alleges that the transfers were fraudulent and are avoidable under sections 544(b)(1) and 548(a)(1) of the Code. Finally, Visteon argues that it is entitled to recover the avoided transfers under section 550(a) of the Bankruptcy Code. GBSI responded to the complaint by filing a motion to dismiss for improper venue or for change of venue to the Eastern District of Michigan.

---

[2] This Court has jurisdiction over GBSI's motion to transfer venue, which is a core proceeding. *See DHP Holdings II Corp. v. Home Depot, Inc. (In re DHP Holdings II Corp.)*, 435 B.R. 264, 268 (Bankr. D. Del. 2010); *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 767 (Bankr. N.D. Ill. 1993) (motions for change of venue, abstention, and remand are core proceedings under 28 U.S.C. § 157(b)(2)(A)); and *Lipshie v. AM Cable TV Indus., Inc. (In re Geauga Trenching Corp.)*, 110 B.R. 658, 653 (Bankr. E.D.N.Y. 1990) ("a motion to change venue did not involve adjudication of a right that may be heard only by an Article III Judge and, therefore, was a core matter despite omission" from section 1412).

LEGAL DISCUSSION

A. <u>**VENUE IN THIS COURT IS PROPER**</u>

"[A] proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending."[3]  As Visteon filed for chapter 11 protection in this Court the avoidance action may proceed here.[4] Still, this Court, in its discretion, is authorized to "transfer a case or proceeding under title 11 . . . in the interest of justice or for the convenience of the parties."[5] GBSI argues that the action should be transferred to the Eastern District of Michigan.

There is a strong presumption that favors maintaining the action in the same district where the main bankruptcy case is pending.[6] Furthermore, a plaintiff's choice of venue should only be disturbed when the balance weighs heavily in favor of a defendant's motion for transfer.[7]  GBSI, as defendant, bears the burden of demonstrating, by a preponderance of the evidence, that a transfer of venue is warranted.[8]

---

[3] 28 U.S.C. § 1409; *see also HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemmerz Int'l Inc.)*, 312 B.R. 44, 45 (Bankr. D. Del. 2004) (MFW).

[4] *Hayes*, 312 B.R. at 46.

[5] 28 U.S.C. § 1412; *see also Hayes*, 312 B.R. at 46.

[6] *See Hayes*, 312 B.R. at 46 (quoting *Southwinds Assocs., Ltd. v. Reedy (In re Southwinds Assocs., Ltd.)*, 115 B.R. 857, 862 (Bankr. W.D. Pa. 1990).

[7] *Oglebay Norton Co. v. Port (In re ONCO Inv. Co.)*, 320 B.R. 577, 579 (Bankr. D. Del. 2005).

[8] *See Hayes*, 312 B.R. at 46 (citing *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Del., Inc.)*, 296 B.R. 323, 325 (Bankr. D. Del. 2003) (PJW) ("The decision of whether venue should be transferred lies within the sound discretion of the Court, though the moving party must demonstrate by a preponderance of the evidence that such change is warranted.  *See Lamari Ltd. v. Yes! Entm't Corp.*, 244 B.R. 56, 61 (D.N.J. 2000)").

3

B. **GBSI HAS FAILED TO ESTABLISH THAT ITS MOTION TO TRANSFER SHOULD BE GRANTED**

Third Circuit case law requires the Court to apply a twelve-factor test in determining whether to grant a motion to transfer venue.[9]

**(1) Plaintiff's Choice of Forum**

Visteon has chosen to pursue its avoidance actions in this forum. Courts generally defer to the plaintiff's decision of venue if it is legally proper. As there is nothing legally improper about the plaintiff's decision to pursue its avoidance actions in this forum.[10] This factor weighs in favor of this action remaining in this Court.[11]

**(2) Defendant's Forum Preference**

GBSI prefers the Eastern District of Michigan. Thus, the second factor obviously favors transferring the action to that Court.

**(3) Whether The Claim Arose Elsewhere**

GBSI contends that the claim arose in Michigan. Visteon does not dispute this and concedes that its claims are based on transactions that occurred outside of

---

[9] *See Hayes*, 312 B.R. at 46 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)) ((1) Plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) the location of the books and records and / or the possibility of viewing premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the court's dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home).

[10] See p. 3, infra.

[11] *ONCO*, 320 B.R. at 580 ("As to the first factor, plaintiff's choice of forum, the plaintiff has chosen this forum, and courts generally defer to such decisions as long as they are legally proper.") (internal citation omitted).

Delaware. Nonetheless this Court has held that "where the issue will be resolved through basic contractual interpretation and the location of the underlying events is not germane, this factor is neutral."[12]

Visteon argues that this dispute requires only basic contract interpretation and a reconciliation of the parties documents.[13] Visteon also argues that most avoidance actions never make it to trial, and GBSI does not allege that this is an unusual case. Moreover, GBSI does not suggest that this case requires something beyond basic contract interpretation, reconciliation of the parties' documents, or an out-of-court negotiation.

Although Visteon concedes that this claim arose elsewhere, GBSI has failed to show that the location of the underlying events may be germane to this Court's venue analysis. Rather, GBSI only mentions that some of Visteon's counsel can be found in Michigan, which is not significant. Thus, this factor does not favor either party.

**(4) Location Of Books And Records**

Because of the "ease of transporting [paper and electronic] documents" when discovery is "largely limited to 'paper exchanges'" the physical location of books and records is frequently considered a "neutral" factor.[14] GBSI asserts that "this matter involves in excess of 120 transactions and significant paperwork." However, GBSI does not show "that there will be a copious amount of document production, which, in turn,

---

[12] *See, e.g.*, *DHP Holdings II*, 435 B.R. at 273.

[13] *See id*.

[14] *See id*. at 273-74.

would make it difficult to produce evidence to this court."[15] GBSI also fails to distinguish the amount of non-electronic books and records in this case from the amounts considered non-problematic in comparable cases in this Circuit.

The number of transactions (125) and the subjective qualitative statement ("significant paperwork") provide too vague a description and evidence too little difficulty to create concern. This is especially true given the increasing ease of transporting physical and electronic documents. As a result, this factor favors keeping the action in Delaware.

**(5) Convenience Of The Parties**

The fifth factor is the convenience of the parties as "indicated by their relative physical and financial condition."[16] GBSI argues that handling the matter in Michigan would avoid attorney travel costs, and also avoid local Delaware counsel costs. However, this Court has recognized on numerous occasions that "transferring the dispute to another forum may actually increase the administrative expenses of the estate, lower the amounts available for distribution under the Plaintiff's . . . Plan and sap the temporal and financial resources of the Plaintiff."[17]

GBSI has failed to show any concrete evidence that it would be less expensive overall to litigate outside of Delaware.[18] As a result, the convenience factor is neutral.[19]

---

[15] *ONCO*, 320 B.R. at 580.

[16] *DHP Holdings II*, 435 B.R. at 274.

[17] *ONCO*, 320 B.R. at 580.

[18] *Id.*

[19] *Id.*

### (6) Convenience Of The Witnesses

This factor is only relevant to the extent that GBSI shows that witnesses are "actually unavailable for trial in Delaware."[20] "Without such a showing, 'witnesses are presumed to be willing to testify in either forum, despite the inconvenience that one of the forums would entail.'"[21] GBSI has not suggested that any relevant witnesses would be unavailable for trial in Delaware. Therefore, this factor favors keeping the action in Delaware.

### (7) Enforceability Of The Judgment

GBSI has not objected to personal jurisdiction and has not provided any reason why a judgment from this Court would not be given full faith and credit in the State of Michigan. Therefore, this factor favors keeping the action in Delaware.[22]

### (8) Practical Considerations That Would Make Trial Easy, Expeditious, Or Inexpensive

As this Court has stated, "[m]aintaining this adversary proceeding in the same venue as the bankruptcy case would provide a more economical use of judicial resources than transferring this adversary proceeding . . . because the Court is already familiar with the facts underlying the bankruptcy case. Further the Trustee is involved

---

[20] *Id*. (citing *Hayes*, 312 B.R. at 47.).

[21] *Id*.

[22] *See Hechinger*, 296 B.R. at 326.

in multiple other preference actions pending in Delaware, thereby minimizing the cost of litigation."[23] This is so here and this factor favors keeping the action in Delaware.

### (9) Relative Administrative Difficulty

GBSI concedes that this factor does not weigh in favor of either party, stating that "[t]he trial issues appear to be equal as to the relative administration in each District."

### (10) Public Policy

Transferring this adversary proceeding to Michigan would harm the public policy of centralizing bankruptcy matters and maximizing the recovery of creditors.[24] It would set a troubling precedent for other preference actions-opening the door to transfer them away from the forum of Visteon's chapter 11 case.[25] Finally, this would increase the costs of administering the estate, which is directly contrary to public policy.[26] This factor favors keeping the case in Delaware.

### (11) Familiarity With Applicable State Law

GBSI concedes that this factor does not favor transferring venue as state law is not implicated in this matter.

---

[23] *Giuliano v. Harko, Inc. (In re NWL Holdings, Inc.)*, Case No. 10-52768; 2011 WL 767777 at *6 (Bankr. D. Del. Feb. 24, 2011) (MFW) (citing *Hechinger*, 296 B.R. at 326-27).

[24] *See NWL Holdings*, 2011 WL 767777 at *18.

[25] *See ONCO*, 320 B.R. at 581 ("As to the tenth factor, the public policies of the fora, the intended effect of section 547 of the Bankruptcy Code is to equalize distribution among creditors. Transferring this adversary . . . would open the door for transferring other preference actions away from the forum of Plaintiff's chapter 11 case, thereby increasing the costs of administering the estate. Such an increase in administrative costs would run contrary to the intent of the Code, and thus undermine the public policy of this Court." (citations omitted).

[26] *See ONCO*, 320 B.R. at 581.

**(12) Local Interest**

GBSI argues that Michigan has a strong local interest in this proceeding as Visteon is "considered a local company to Michigan." However, it is unlikely that the Michigan courts have an interest in the turnover of money to Visteon's estate.[27] This action relates to an amount allegedly owed to the estate and, therefore, belongs in the forum where the Chapter 11 proceeding was filed.[28] This factor favors the action remaining in Delaware.

### B. SUMMARY OF THE MULIT-FACTOR TEST

Seven factors favor maintaining this action in Delaware and one favors transferring the action to Michigan. The remaining four are neutral. Clearly the weight of the facts and law favor retaining this action in Delaware. In addition, recall that "deference is given to the plaintiff's choice of forum."[29] Thus, the Motion to transfer venue will be denied.

### CONCLUSION

Venue in this Court is proper. A plaintiff's choice of venue should only be disturbed when the balance weighs heavily in favor of the defendant's motion to transfer. GBSI has failed to show that a transfer of venue is warranted. For the foregoing reasons, the Court will deny the motion to dismiss for improper venue and

---

[27] *See id.* ("[I]t is unlikely that an Ohio court will have any interest in the turnover of money to the Plaintiff's estate. Though the parties and transactions are local to the Ohio court, the adversary relates to the account receivable allegedly owed to the estate, and thus belongs in the forum where the chapter 11 was filed.") (citations omitted).

[28] *Id.*

[29] *Hayes*, 312 B.R. at 46; *see also DHP Holdings II*, 435 B.R. at 273 (citing *Hechinger*, 296 B.R. at 326).

deny the request for transfer of venue to the Eastern District of Michigan. An order will be issued.